## In re Anonymous No. 46 D.B. 84

Disciplinary Board Docket no. 46 D.B. 84.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILBERT, *Member*, October 19, 1988 — Pursuant to rule 218(c)(5), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania dated May 28, 1986, petitioner was suspended from the practice of law for three months and one day. The disciplinary proceedings leading to the suspension of petitioner were initiated following petitioner's guilty plea to a [     ] charge of resisting arrest. The petition for discipline alleged that petitioners's conduct was in violation of DR 1-102(A)(5) and (6), prohibiting an attorney from engaging in conduct that is prejudicial to the administration of justice and that adversely reflects upon the attorney's fitness to practice law. The petition also alleged that petitioner's conduct was an independent violation of rule 203(b)(1), Pa.R.D.E.

Despite the charges in the petition for discipline the hearing committee based its recommendation upon a psychiatric report that was voluntarily introduced by petitioner at the hearing before Hearing Committee [     ]. Both parties excepted to the hearing committee report. Disciplinary counsel noted that there was no evidence on the record indi-

cating petitioner suffered from a mental infirmity at the time of the hearing, which occurred two years after the psychiatric evaluation was completed. Based upon this lack of evidence disciplinary counsel recommended a short term of suspension rather than placing petitioner on inactive status with probation for an indefinite period pending a petition to terminate probation upon receipt of a favorable psychiatric evaluation. The board agreed with the recommendation of disciplinary counsel and recommended the three-month and one-day suspension that was ultimately ordered by the Supreme Court.

The petition for reinstatement at issue was filed on February 3, 1987. The matter was referred to Hearing Committee [    ] consisting of [A], [B], and [C]. On June 24, 1987, a hearing was held before [B] and [C], with [B] serving as chairperson in the absence of [A].

The report of the hearing committee was filed on June 28, 1988. The hearing committee recommended that the petition be denied based upon a finding that petitioner has not met the burden imposed upon him by rule 218, Pa.R.D.E. The hearing committee found numerous reasons for denial of the petition. These were: (1) failure of petitioner to pay the costs of the underlying disciplinary proceedings as ordered by the Supreme Court; (2) failure to submit in a timely manner to the psychiatric examination recommended by disciplinary counsel; (3) failure to enroll in the legal practice course prior to the reinstatement hearing; (4) delay in authorizing the release of an employment application; (5) lack of knowledge of the disciplinary rules; (6) failure to state driver's license suspension proceedings on the petition for reinstatement; and (7) letters of recommendation from individuals in the school system where petitioner has been employed addressing

only petitioner's fitness as a teacher and not his reputation in the community. The hearing committee stated that petitioner disregarded the rules of procedure relating to payment of costs and displayed a cavalier attitude regarding the issues of competence and rehabilitation.

Petitioner's brief on exceptions was filed on July 18, 1988. Petitioner argued that the hearing committee placed too much weight on inconsequential, inadvertent, and minor actions and overlooked the letters of recommendation. Petitioner presented exceptions to seven findings of the hearing committee. Petitioner argued first that he eventually paid the costs of the disciplinary proceedings and would have paid them sooner if he had been given a schedule of repayment. The second exception was to the finding that the petition for reinstatement was inaccurate relating to the driver's license suspension proceedings. Thirdly, petitioner excepted to the findings related to the delay in authorizing the release of the employment application. Fourthly, petitioner excepted to the exclusion of the medical report he brought to the hearing. Fifthly, petitioner argued that the hearing committee erroneously considered his mental health. Sixthly, petitioner excepted to the finding that evidence of legal learning and competence was lacking. Finally, petitioner excepted to the finding that his reinstatement would be subversive of the public interest.

Disciplinary counsel's brief opposing petitioners's exceptions was filed on August 4, 1988. Respondent was of the position that petitioner failed to meet the burden for reinstatement imposed by rule 218, Pa.R.D.E. On the issue of mental health respondent argued that petitioner received advance notice that his mental health was at issue but failed to obtain a timely examination and then presented hearsay evi-

dence of his mental health at the reinstatement hearing. Regarding the lack of evidence of moral character respondent advanced the inadequate letters of recommmendation, the delay in paying costs, the incomplete and inaccurate response on the petition for reinstatement, and the delay in authorizing release of the employment application. Finally, respondent argued that petitioner did not have the requisite competency and learning in the law because he had not practiced law for over six years, he was unable to identify the Code of Professional Responsibility, and there was no evidence that he kept up with recent developments in the law. Respondent argued that the completion of the Pennsylvania Bar Institute legal practice course was not conclusive evidence of competency.

The matter was adjudicated by the disciplinary board at the September 9, 1988 meeting of the board.

## FINDINGS OF FACT

(1) Petitioner, [     ], was admitted to the practice of law in Pennsylvania on November 16, 1971.

(2) On May 29, 1986, the Supreme Court issued an order suspending petitioner from the bar for a period of three months and one day, and ordered him to comply with all provisions of rule 217, Pa.R.D.E., and to pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.

(3) Petitioner submitted a petition for reinstatement and reinstatement questionnaire which were filed on February 3, 1987.

(4) At the time the petition for reinstatement was submitted, petitioner had not paid the costs of the suspension proceeding as ordered by the Supreme Court. He was waiting for a response to his request

for a payment schedule that he made because of his financial difficulties.

(5) Petitioner paid the costs of the prior proceedings by check dated July 6, 1987 following the June 24, 1987 reinstatement hearing during which petitioner was made aware that the rules do not provide for a schedule of payment or for combined payment at the conclusion of the reinstatement proceedings.

(6) At the time of the reinstatement hearing petitioner had not taken the Pennsylvania Bar Institute legal practice course required by sections 89.275(a)(15) and 89.279(a) of the board rules and procedures for attorneys suspended for more than one year. A year had passed from the time petitioner was suspended even though his suspension was for a period of three months and one day.

(7) Petitioner completed the course required by the board rules during the August 1987 session at [     ] College after indicating on direct examination at the reinstatement hearing that he intended to take the course even if he was not required to do so.

(8) Petitioner was a party in two civil actions in [     ] County relating to appeals from the suspension of his driver's license. These actions were not listed in the answer to question 10 of the reinstatement questionnare. Question 10 requires that all civil actions to be listed.

(9) Petitioner and his counsel were of the erroneous belief that the words "or as one who claimed an interest" in question 10 required only those cases involving a monetary interest to be listed.

(10) Petitioner submitted himself to a psychiatric evaluation as advised by disciplinary counsel. This evaluation was made one week before the reinstatement hearing. The report of that evaluation was not admitted because it was hearsay and disci-

plinary counsel was not given prior notice that the report would be offered as evidence.

(11) At no time had the disciplinary board ordered petitioner to undergo a psychiatric evaluation.

(12) No evidence was presented at the reinstatement hearing indicating petitioner suffered from a psychiatric disorder.

(13) Petitioner offered five letters of recommendation from officials and staff members of the [       ] School District where petitioner was employed as a long-term substitute teacher during the time of his suspension.

(14) Four of these letters were found inadmissible as hearsay but were, nevertheless, made part of the record in the event of future review of the record.

(15) The letters spoke of petitioner's qualifications as a teacher.

(16) Disciplinary counsel asked petitioner to recite the disciplinary rule that petitioner had violated but petitioner was unable to recite the rule to the satisfaction of disciplinary counsel.

(17) Petitioner passed an examination to qualify as a candidate for a federal administrative law judge position.

## DISCUSSION

At issue in this case are petitioner's qualifications to resume the practice of law following his suspension. At the outset of the discussion it must be noted that petitioner has no record of discipline prior to the suspension he received for a single instance of aberrant behavior. Furthermore, petitioner has served without incident the term of probation im-

posed upon him for the crime he committed in [    ] as well as the three-month and one-day suspension imposed by the Supreme Court of Pennsylvania in 1986.

Reinstatement to the practice of law is governed by rule 218(c)(3)(i), Pa.R.D.E. This rule requires that the suspended attorney demonstrate by clear and convincing evidence that the individual has the necessary moral qualifications, competency, and learning in the law required for admission to the bar and that reinstatement of the individual will not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

Petitioner in this case, with some reluctance and delay, has met the requirements of rule 218. Petitioner has paid the costs of the suspension proceedings as ordered by the Supreme Court. He has filed the necessary petition for reinstatement and reinstatement questionnaire. He completed the required legal practice course at [     ] College in order to bring him abreast of developments in the law that occurred from the time he ceased to practice law in 1982. He has passed a federal exam to qualify as a candidate to be an administrative law judge indicating that he has the competency and learning required to be admitted to the practice of law.

The issue of petitioner's moral qualifications and general fitness to resume the practice of law presents some difficulty. Petitioner presented letters of recommendation from colleagues and supervisors at the [    ] School District where petitioner worked as a long-term substitute teacher. These letters indicated petitioner's acceptable performance as a teacher but did not address specifically the moral qualifications of petitioner or his reputation in the

community. Granted these letters do not provide an overwhelming amount of evidence on petitioner's moral character. But unless one is prepared to argue that the moral quality of those employed to educate our children is allowed to be less than that required to practice law it can only be concluded that the petitioner has demonstrated, by his successful performance as a teacher, that he has the necessary moral qualifications to be reinstated as a member of the bar.

Disciplinary counsel and the hearing committee expressed much concern about the emotional stability of petitioner. This issue was not raised by disciplinary counsel in the original petition for discipline. Nevertheless, the emotional well-being of petitioner became a major issue in the eyes of the original hearing committee and was revived again during the reinstatement proceedings. The concern over this issue stems from petitioner's brief, 22-day commitment to a psychiatric institution in late 1982 and early 1983 and the subsequent outpatient treatment for an undefined condition.

Prior to the reinstatement hearing disciplinary counsel suggested to the petitioner that the petitioner should be examined by a forensic psychiatrist before the date of the reinstatement hearing. This was, however, only a recommendation coming from disciplinary counsel, respondent in this matter, and not from an order of the board.

At issue here is what is required to prove the mental stability of petitioner. Petitioner's response, when his mental stability was put at issue, was to provide the hearing committee with a report of a psychiatric doctor summarizing the facts of his case to date. There was no evidence presented to the hearing committee from any source, including the

report of the psychiatrist, that there was even an appearance of mental instability since early 1983. None of petitioner's supervisors at [    ] School District provided one shred of evidence that the petitioner demonstrated any indication of mental instability. The board, therefore, concludes that the petitioner has the proper mental health to resume the practice of law.

Other concerns were raised by disciplinary counsel and the hearing committee that must be addressed. Disciplinary counsel requested petitioner to identify the number and contents of the disciplinary rule under which he was suspended. Petitioner's failure to know the exact number and text of the rule is so petty as to be unworthy of comment.

Of slightly greater concern was petitioner's failure to include the appeals from the suspension of his driver's license in question 10 of the reinstatement questionnaire, regarding civil actions in which petitioner was a party. Petitioner and his counsel argued that they believed only those actions involving a monetary interest need be included. Because of this belief they concluded that the license appeals were irrelevant. The board accepts this explanation of the failure to include the license appeals in the answer to question 10 noting that substantial accuracy with the intent to make full disclosure is all that is required of the petitioner. *In re Anonymous Nos. 23 D.B. 79 and 38 D.B. 80,* 32 D.&C. 3d 424 (1984).

Finally, there is the issue of petitioner's delay in various aspects of these proceedings. Petitioner was tardy in paying the costs assessed by the court but the costs have now been paid. Petitioner was slow in taking the requisite legal practice course but he has now completed the course. Petitioner delayed au-

thorizing the release of an administrative law judge application but did eventually sign the release. By delaying the release of the application petitioner harmed no one but himself.

The ultimate question is what purpose is to be served by denying the petition for reinstatement and thereby further delaying petitioner the opportunity to return to the profession for which he was trained now that the petitioner has met the requirements for reinstatement. He has served his period of suspension for a single act of misconduct, he has been employed as a high school teacher, requiring high moral standards, and he has taken the prescribed steps to remain competent in the law.

## RECOMMENDATION

Based on the foregoing discussion, the disciplinary board recommends that the petition for reinstatement be granted. It is further recommends that petitioner be directed to pay the costs incurred· by the board in the investigation and processing of this petition for reinstatement.

Mr. Schwartzman dissented. Messrs. Douglas, Tumolo and Keller did not participate in the adjudication.

## ORDER

And now, November 16, 1988, upon consideration of the report and recommendation of the disciplinary board dated October 19, 1988, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice McDermott dissents.